**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **GENERAL STAR INDEMNITY COMPANY** | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 2001-188 |
| v. | ) ) | |
| **VIRGIN ISLANDS PORT AUTHORITY,** | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ATTORNEYS:**

**Felice M. Quigley, Esq.**
St. Croix, V.I.
    *For the Plaintiff.*

**Henry V. Carr, III, Esq.**
St. Thomas, V.I.
    *For the Defendant.*

<u>**MEMORANDUM OPINION & ORDER**</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff General Star Indemnity Company ("General Star") for summary judgment on Count Three of the complaint filed by the defendant Virgin Islands Port Authority ("VIPA"). For the reasons stated below, the Court will deny the motion.

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 2

## I. FACTS

From October 27, 1999 to March 15, 2001, and from March 15, 2001, to March 15, 2002, VIPA was insured by General Star under several insurance policies (collectively, the "Policies"). The Policies provided two categories of coverage: Employment Practices Liability and Public Officials Liability. The Policies stated that General Star will pay the sums that VIPA becomes legally obligated to pay as damages resulting from claims for wrongful acts covered by the policies ("Employment Wrongful Acts" and "Public Officials Wrongful Acts").

On April 9, 2001, over 100 residents of Estate Paradise in St. Croix, U.S. Virgin Islands, commenced an action against VIPA in this Court (the "Yellow Cedar litigation"). The Yellow Cedar litigation stems from the construction of an extension of the Henry E. Rohlson Airport in St. Croix. The Yellow Cedar plaintiffs allege that VIPA's actions in connection with the construction effected an unconstitutional taking of their real property. They also assert several causes of action stemming from the alleged emission of pollutants, dust, and other particles from the construction. VIPA tendered the defense of the Yellow Cedar litigation to General Star.

In a letter dated June 12, 2001, Summit Risk Services, Inc. ("Summit"), third party administrator for General Star, informed

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 3

VIPA's counsel that the claims against VIPA in the Yellow Cedar litigation were not covered by the Policies, and that General Star refused to defend VIPA in the Yellow Cedar litigation. On September 25, 2001, Summit sent a second letter to VIPA's counsel. The September 25, 2001, letter states:

> [N]one of the claims asserted in the [Yellow Cedar] Complaint are covered nor potentially covered under the scope of said policies.
>
> . . .
>
> However, [General Star] will defend VIPA UNDER A RESERVATION OF RIGHTS. We reserve all rights to continue to deny coverage and/or to withdraw from defending VIPA from any and all claims asserted in the [Yellow Cedar] Complaint . . . . In addition, we reserve all rights to seek reimbursement from VIPA for all costs and attorney's fees to be expended in the defense of any and all claims that we had no duty to defend and/or that are not covered and/or not potentially covered under the scope of the policies. . . . .

(Varley Letter 2, 6, Sept. 25, 2001.)[1]

Thereafter, General Star filed a three-count complaint against VIPA. Count One of the Third Amended Complaint (the "Complaint") seeks a declaration from the Court that, under the Policies, General Star owes no duty to defend VIPA in the Yellow Cedar litigation. Count Two requests a declaration from the Court that, under the Policies, General Star owes no duty to

---

[1] The terms of the September 25, 2001, letter are incorporated by reference in paragraph eleven of the Complaint. In its answer to General Star's Complaint, VIPA admitted to the allegations contained in paragraph eleven of the Complaint.

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 4

indemnify VIPA in the Yellow Cedar litigation. Count Three alleges that General Star is entitled to a declaratory judgment stating that VIPA must reimburse General Star for all costs and attorneys' fees expended defending VIPA in the Yellow Cedar litigation.

General Star moved for summary judgment against VIPA. This Court granted General Star's motion with respect to the issue of General Star's duty to defend or indemnify VIPA in the Yellow Cedar litigation. The Court entered a judgment declaring that General Star owed no duty to defend or indemnify VIPA in the Yellow Cedar litigation. The Court indicated that it would dispose of the request for declaratory relief set forth in Count Three separately.

## II.   DISCUSSION

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 ("Rule 56") if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 5

shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3rd Cir. 1985). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002).

### III.  ANALYSIS

General Star argues that summary judgment is appropriate on Count Three of the Complaint because General Star is entitled to reimbursement for attorneys' fees and costs expended defending VIPA in the Yellow Cedar litigation. General Star asserts that, because it agreed to defend VIPA pursuant to a reservation of rights contained in the September 25, 2001, letter, it is entitled to recoup the attorneys' fees and costs expended prior to this Court's determination that the Yellow Cedar claims were outside the scope of coverage of the Policies.

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 6

An insurer's right to reimbursement of defense costs expended in a separate action is an issue of first impression in the Virgin Islands. Other courts that have considered the matter are split as to whether an insurer may bring a cause of action against an insured for attorneys' fees and costs expended defending the insured in a different matter. *See Perdue Farms, Inc. v. Travelers Cas. and Surety Co. of Am.*, 448 F.3d 252, 258 (4th Cir 2006) (acknowledging that "jurisdictions differ on the soundness of an insurer's right to reimbursement of defense costs"); *LA Weight Loss Centers, Inc. v. Lexington Ins. Co.*, 2006 WL 689109 at *6 (Pa. Ct. Com. Pl. 2006) ("A review of the[] cases demonstrates a split in authority as to whether recoupment should be permitted.").

Some courts have held that allowed causes of action by insurers for reimbursement for the cost of litigating claims against which there was no duty to defend, or for a judgment declaring the insurer's right to such reimbursement. *See, e.g., United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 921 (6th Cir. 2002) ("We agree that allowing an insurer to recover under an implied in fact contract theory so long as the insurer timely and explicitly reserved its right to recoup the costs and provided specific and adequate notice of the possibility of reimbursement promotes the policy of ensuring defenses are

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 7

afforded even in questionable cases"); *Buss v. Super. Ct.*, 939 P.2d 766 (Cal. 1997) (allowing an insurer's action for a declaratory judgment stating that it was entitled to reimbursement for costs defending claims not even potentially covered by the policy, reasoning that the insurer had a "right of reimbursement that is implied in law as quasi-contractual, . . . . run[ning] against the person who benefits from 'unjust enrichment' and in favor of the person who suffers loss thereby"); *Resure, Inc. v. Chemical Distribs., Inc.*, 927 F. Supp. 190, 194 (M.D. La. 1996) (holding that the insurer was entitled to recover all defense costs because it timely and specifically reserved the right to seek reimbursement and the insured failed to object to the reservation); *Knapp v. Commonwealth Land Title Ins. Co.*, 932 F. Supp. 2d 1169, 1172 (D. Minn 1996) (granting summary judgment in favor of the insurer on its claim for reimbursement for costs litigating a prior action because "[the insured's] silence in response to [the insurer's] reservations of rights letter, and subsequent acceptance of the defense provided by [the insurer], constitutes an implied agreement to the reservation of rights"); *N. Atl. Casualty & Surety Ins. Co. v. William D.*, 743 F. Supp. 1361 (N.D. Cal. (1990) (concluding that reimbursement for defense costs was appropriate because the

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 8

insurer reserved its rights in a letter and the insured accepted the defense without comment).

Courts that recognize such claims for reimbursement of defense costs generally do so under a quasi-contract theory, allowing recovery to prevent unjust enrichment. For example, in *United States v. Buss,* 939 P.2d 766 (Cal. 1997), the insurer agreed to pay for the defense of the underlying action against the insured, but reserved the right to deny actual coverage and the right to reimbursement in the event of a determination that the claim was not covered. *Buss,* 939 P.2d at 770. It was later determined that only one of twenty-seven claims against the insured was even potentially covered by the policy. *Id.* The court explained that the insured had paid premiums in consideration for the defense of the claim that was potentially covered by the policy. *Id.* at 775. The defense of the potentially-covered claim was therefore part of the bargained-for exchange between the insurer and the insured. *Id.* Accordingly, the court concluded that the insurer had no right to reimbursement for the claim that was potentially covered by the policy. *Id.* at 774-75. On the other hand, the *Buss* court found that the insurer did not bargain to pay, and the insured did not pay premiums in consideration for, the defense of the claims that were not even potentially covered. *Id.* 776. It concluded that

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 9

the insurer's right to reimbursement for not even potentially covered costs was implied in law, under a theory of quasi-contract, to prevent unjust enrichment of the insured. *Id.*

In contrast, other courts have refused to recognize claims by insurers for reimbursement of defense costs expended under a unilateral reservation of rights, absent a provision for such reimbursement in the insurance policy. *See, e.g., Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213, 1219 (3d Cir. 1989) ("[W]e believe, the Pennsylvania Supreme Court would preclude an insurer who provides a defense under reservation of rights from recovering the cost of that defense from its insured if it is later determined that there is no coverage."); *Perdue Farms, Inc. v. Travelers Cas. And Surety Co. of Am.,* 448 F.3d 252, 258 (4th Cir. 2006) (holding that, under Maryland law, the insurer had no right to reimbursement for defense costs attributable to non-covered claims); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) (holding that an insurer was not entitled to reimbursement of defense costs expended prior to the court's determination that there was no duty to defend); *Westchester Fire Ins. Co. v. Wallerich,* 527 F. Supp. 2d 896, 908 (D. Minn. 2007) ("[T]his Court is of the view that the Minnesota Supreme Court would refuse to allow reimbursement unless an agreement to the contrary is found in the insurance policy."); *LA*

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 10

*Weight Loss Centers, Inc.*, 2006 WL 689109 at *6 (holding that an insurer could not sustain a claim for restitution of costs defending uncovered claims based on an unjust enrichment theory); *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1102 (Ill. 2005) ("We . . . refuse to permit an insurer to recover defense costs pursuant to a reservation of rights absent an express provision to that effect in the insurance contract between the parties."); *Shoshone First Bank v. Pacific Employers Ins. Co.*, 2 P.3d 510, 514 (Wy. 2000) ("There is no indication in the Policy of any distinction to be made between covered and non-covered claims so far as the defense of those claims is concerned, and we will not permit the Policy to be modified by subsequent letters from the insurer to the insured.").

Courts disallowing such claims for reimbursement generally reason that an insured is not unjustly enriched when an insurer agrees to defend against uncovered claims under a reservation of rights. In *Terra Nova Ins. Co. Ltd. v. Bar, Inc.*, 887 F.2d 1213, 1219 (3d Cir. 1989), the United States Court of Appeals for the Third Circuit explained that

> [a] rule permitting such recovery would be inconsistent with
> the legal principles that induce an insurer's offer to
> defend under reservation of rights. Faced with uncertainty
> as to its duty to indemnify, an insurer offers a defense
> under reservation of rights to avoid the risks that an inept

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 11

>     or lackadaisical defense of the underlying action may expose
>     it to if it turns out there is a duty to indemnify.  At the
>     same time, the insurer wishes to preserve its right to
>     contest the duty to indemnify if the defense is
>     unsuccessful.  Thus, such an offer is made at least as much
>     for the insurer's own benefit as for the insured's.  If the
>     insurer could recover defense costs, the insured would be
>     required to pay for the insurer's action in protecting
>     itself against the estoppel to deny coverage that would be
>     implied if it undertook the defense without reservation.

*Terra Nova,* 887 F.2d at 1219-20.  Accordingly, the court predicted that Pennsylvania law would preclude an insurer who tenders a defense under a reservation of rights and is later deemed to owe no duty to defend from recovering such defense costs from the insured. *Id.* at 1220.

Similarly, in *Perdue Farms, Inc. v. Travelers Cas. and Surety Co. of Am.,* 448 F.3d 252, 258 (4th Cir. 2006), the United States Court of Appeals for the Fourth Circuit found that a right to reimbursement for costs attributable to uncovered claims "would undermine the bargain that [] courts describe insurers reaching with their insureds." *Perdue Farms, Inc.,* 448 F.3d at 258.  The court stated that an insurer's duty and right to defend an insured "are, essentially, reciprocal or correlative provisions." *Id.*  It explained that the duty to defend "protect[s] the insured from the expense of defending suits," while the right to defend is "a mechanism for [the insurer to] protect[] and minimiz[e] its duty of indemnification." *Id.* at

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 12

259. In refusing to recognize claims by insurers for reimbursement for defense costs attributable to non-covered claims, the *Perdue* court reasoned that allowing such claims would grant insurers "a substantial rebate on their duty to defend." *Id.*

In *General Agents Insurance Company of America, Incorporated v. Midwest Sporting Goods Company*, 828 N.E.2d 1092 (Ill. 2005), the Supreme Court of Illinois explained that an insurer cannot claim unilaterally reserve the right to reimbursement for the costs of defending uncovered claims and later claim that the insured was unjustly enriched because it accepted payment of such defense costs:

> [W]e cannot say that an insured is unjustly enriched when its insurer tenders a defense in order to protect its own interests, even if it is later determined that the insurer did not owe a defense. Certainly, if an insurer wishes to retain its right to seek reimbursement of defense costs in the event it later is determined that the underlying claim is not covered by the policy, the insurer is free to include such a term in its insurance contract. Absent such a provision in the policy, however, an insurer cannot later attempt to amend the policy by including the right to reimbursement in its reservation of rights letter.

*Gen. Agents Ins. Co. of Am.*, 828 N.E.2d at 1103; *see also Shoshone First Bank*, 2 P.3d at 515 ("[W]e will not permit the contract to be amended or altered by a reservation of rights letter."); *First Ins. Co. of Hawaii, Inc. v. State, by Minami*, 665 P.2d 648, 654 (Haw. 1983) ("[A]ffording an insured a defense

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 13

under a reservation of rights agreement merely retains any defenses the insurer has under its policy"). In the court's view, allowing recovery of defense costs on a quasi-contract theory would run counter to public policy because "recognizing such an implied agreement effectively places the insured in the position of making a Hobson's choice between accepting the insurer's additional conditions on its defense or losing its right to a defense from the insurer." *Gen. Agents Ins. Co. of Am.*, 828 N.E.2d at 1102; *see also Shoshone First Bank,* 2 P.2d at 516 ("[T]o allow the insurer to force the insured into choosing between seeking a defense under the policy, and run the potential risk of having to pay for this defense if it is subsequently determined that no duty to defend existed, or giving up all meritorious claims that a duty to defend exists, places the insured in the position of making a Hobson's choice.").

In the Virgin Islands, an insurer asked to defend an action against a policy-holder has three options:

> (1) seek a declaratory judgment that it owes no duty to defend the insured, (2) defend the insured under a reservation of rights, or (3) refuse to either defend or seek a declaratory judgment action at its own peril that it might later be found to have breached the duty to defend.

*Erie Ins. Exchange v. V.I. Enters., Inc.,* 264 F. Supp. 2d 261, 263-64 (D.V.I. 2003); *see also Hess Oil V.I. Corp. v. Firemen's Ins. Co.,* 626 F. Supp. 882, 885 (D.V.I. 1986) (explaining that,

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 14

when a tender of defense under an insurance policy is made, the insurer may either "file a declaratory judgment action," "defend the insured under a reservation of rights," or "refuse to either defend or seek a declaratory judgment action at its own peril that it might later be found to have breached the duty to defend").  Given those choices, an insurer may elect to defend a claim against an insured in order to benefit from a lower judgment or settlement amount in the long run. *See Terra Nova Ins. Co. Ltd. v. Bar, Inc.*, 887 F.2d 1213, 1219 (3d Cir. 1989); *Perdue Farms, Inc. v. Travelers Cas. And Surety Co. of Am.*, 448 F.3d 252, 258 (4th Cir. 2006).

Significantly, title 22, section 819 of the Virgin Islands Code ("Section 819") provides that "[n]o agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy." V.I. CODE ANN. tit. 22, § 819 (1968).  Pursuant to Section 819, General Star was prohibited from constructively amending the Policies by reserving the right to reimbursement of defense costs in a subsequent letter. *Cf. Shoshone First Bank*, 2 P.3d at 513 ("[T]he policy must be interpreted by applying the ordinary and usual meaning of its terms without looking beyond the four corners of the policy.").

*General Star Indemnity Co. v. V.I. Port Auth.*
Civil No. 2001-188
Memorandum Opinion
Page 15

    Here, it is undisputed that, under the terms of the Policies General Star had "the right and duty to defend any suit" for damages resulting from covered claims. (Third Am. Compl. ¶ 11, Jan. 7, 2004.)[2]  In the September 25, 2001, letter, General Star exercised its right to defend VIPA in the Yellow Cedar litigation.  General Star asserts that the reservation of rights clause allows it to recover defense costs incurred in its defense of VIPA.  However, the Policies contain no such language.  General Star could not, through the September 25, 2001, letter, reserve any right to reimbursement for defense costs because no such right existed in the Policies.

    Accordingly, General Star is not entitled to recoup the cost of defending VIPA against uncovered claims in the Yellow Cedar litigation. *See, e.g., Terra Nova Ins. Co. Ltd. v. Bar, Inc.,* 887 F.2d 1213, 1220 (3d Cir. 1989) ("[A] declaration that there was no duty to defend will not entitle [the insurer] to recover any costs it has expended [under a reservation of rights]."); *Perdue v. Travelers Cas. and Surety Co. of Am.,* 448 F.3d 252, 259 (4th Cir. 2006) (holding that an insurer who defended an insured against both covered and non-covered claims was not entitled to

---

    [2]  In its answer to General Star's Complaint, VIPA admitted the allegations contained in paragraph eleven of the Complaint.

reimbursement for the portion of those costs expended litigating non-covered claims).

## IV. CONCLUSION

For the foregoing reasons, General Star is not entitled to judgment as a matter of law against VIPA on Count Three of the Complaint. Accordingly, it is hereby

**ORDERED** that the motion for summary judgment is **DENIED.**

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**